UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAYO WILLIAMS,<br><br>                        Plaintiff,<br><br>        -against-<br><br>DAVID M. HOOVLER; MICHAEL ROCHE;<br>KEVIN JODICE; ESAEL RIVERA; GARY<br>ABRAMSON; DAVID AIKMAN; DAVID A.<br>LINDINE; ORANGE COUNTY JAIL;<br>KEEFE COMMISSARY<br>NETWORK/VENDOR,<br><br>                      Defendants. | 22-CV-9699 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who was detained in the Orange County Jail when he filed this complaint, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Named as Defendants are Orange County District Attorney David M. Hoovler; Assistant District Attorney Michael Roche; City of Newburgh Police Officers Kevin Jodice and Esael Rivera; Legal Aid Society attorneys David Aikman and David A. Lindine; Gary Abramson; Orange County Jail; and "Keefe Commissary Network/Vendor." By order dated December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court severs Plaintiff's claims against the Orange County Jail and Keefe Commissary Network/Vendor arising from money allegedly being stolen from his inmate account, and directs the Clerk of Court to open those claims as a new civil action.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

Plaintiff asserts two sets of claims arising from two separate series of everts. The first set of claims arises from Plaintiff's arrest in Newburgh, New York, and his subsequent criminal proceedings. His second set of claims arises from events that occurred at the Orange County Jail. With respect to Plaintiff's first claim, he alleges the following. On August 24, 2022, Plaintiff was stopped by City of Newburgh police officers based on a "complaint signed from a detective in the Montgomery State Police Dept."[2] (ECF 2, at 6.) The officers told Plaintiff that they had a warrant "when there was none signed." (*Id.* at 6.) They searched Plaintiff and, after "finding drugs," they handcuffed and ticketed Plaintiff "without reading [him] any Miranda rights." (*Id.*)

After he was arraigned and remanded to the Orange County Jail, Plaintiff was served with a notice to testify at the grand jury that was signed by District Attorney Hoovler. Plaintiff alleges that the notice "was not sent to [him] on time leaving [him] with no way to respond in a timely fashion, resulting in these presenting it to the Grand Jury." (*Id.* at 7.) Plaintiff was therefore unable to "advise [his] lawyer by writing . . . that [he] was willing to testify on [his] own behalf." (*Id.* at 8.)

After Plaintiff was indicted, his Legal Aid Attorney David A. Lindine told Plaintiff that he would no longer be representing him and that Plaintiff's new attorney would be David Aikwan, also from Legal Aid. Plaintiff contacted Aikwan, who "hung up the phone rudely." (*Id.*) Plaintiff contacted Aikwan's supervisor "and was told they were waiting for the hand up after the vote to indict me which I wanted for over 10 to 13 days waiving my 180.80 without my consent or me even knowing." (*Id.*)

---

[2] The Court quotes from the complaint verbatim. All grammar and punctuation are as in the original unless indicated otherwise.

As the Plaintiff's "Claim #2," he alleges the following. On or about September 2, 2022, while Plaintiff was at the Orange County Jail, approximately $100.00 was stolen from his inmate account by another inmate. He alleges that the money was used on a vending machine without his knowledge and was the result of the jail giving the same password to multiple inmates who arrived at the facility at the end of August. Plaintiff informed several correction officers, sergeants, and lieutenants, but was told there was nothing they could do. Plaintiff requested to file a grievance, but he was denied. Plaintiff has not received a refund, and he suggests that he was told that he will be informed once the person is caught. (*See id.* at 9.)

### DISCUSSION

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right  to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*,

596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Here, Plaintiff's claims arising at the Orange County Jail on September 2, 2022, are wholly separate from his claims arising from his arrest in Newburgh, New York on August 24, 2022, and involve different defendants. The claims neither arise out of the same transaction nor raise any common questions of law or fact. Plaintiff's allegations that multiple defendants harmed him in separate incidents are insufficient to join them in a single action. *Deskovic*, 673 F. Supp. 2d at 167. Joinder of these unrelated matters thus does not comport with Rule 20(a).

The Court concludes that severance of Plaintiff's claims arising on September 2, 2022, at the Orange County Jail is warranted. These claims involve different witnesses and evidence than those required for Plaintiff's claim regarding the events around his arrest on August 24, 2022. Severance will not prejudice Plaintiff because the claims arising on September 2, 2022, will be opened as a separate action and he will have an opportunity to litigate those claims. *See, e.g.*, *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("Where certain claims are properly severed, the result is that there are then two or more separate 'actions.'") (citation omitted). There is also no prejudice to defendants in having these unrelated claims proceed separately. The Court therefore directs the Clerk of Court to open the severed claims as a separate action naming the Orange County Jail and Keefe Commissary Network/Vendor as defendants.

**CONCLUSION**

The Court severs Plaintiff's claims against Defendants Orange County Jail and Keefe Commissary Network/Vendor, which arose on September 2, 2022, and are described in the complaint as "Claim #2." The Court directs the Clerk of Court to open a new action naming only these defendants ("Orange County Jail" and "Keefe Commissary Network/Vendor"), with a copy of the complaint (ECF 2) from this action and a copy of this order. Plaintiff's claims against the remaining defendants in connection with his August 24, 2022, arrest will proceed under this docket number (No. 22-CV-9699 (LTS)).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 26, 2023
        New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge