UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAYO WILLIAMS,

                Plaintiff,

-against-

ORANGE COUNTY JAIL; KEEFE COMMISSARY NETWORK/VENDOR,

                Defendants.

ORDER DIRECTING PAYMENT OF FEES OR IFP FOR RELEASED PRISONER

23-CV-0764 (LTS)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff proceeds *pro se* and was detained at the Orange County Jail when he filed this action.[1] A plaintiff who qualifies under the Prison Litigation Reform Act (PLRA) as a prisoner when he files a complaint faces certain restrictions.[2] *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). A prisoner proceeding *in forma pauperis* (IFP), that is, without prepayment of fees, for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1), and (2) can be

---

[1] Plaintiff filed this action on November 10, 2022, asserting claims against Orange County District Attorney David M. Hoovler; Assistant District Attorney Michael Roche; City of Newburgh Police Officers Kevin Jodice and Esael Rivera; Legal Aid Society attorneys David Aikman and David A. Lindine; Gary Abramson; Orange County Jail; and "Keefe Commissary Network/Vendor." *See Williams v. Hoovler*, ECF 1:22-CV-9699, 1 (S.D.N.Y. filed Nov. 10, 2022). By order dated January 26, 2023, the Court severed the claims against Orange County Jail and "Keefe Commissary Network/Vendor," and directed the Clerk of Court to open a new civil action for Plaintiff's claims against these two Defendants. (*Id.* at ECF No. 7.)

[2] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

disqualified from proceeding IFP if he has previously filed three federal civil actions (or appeals), while he was a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(g) (the "three strikes" rule).[3]

Plaintiff filed the original complaint with an IFP application, but without a prisoner authorization. By order dated November 15, 2022, the Court directed Plaintiff to either pay the filing fees or submit a completed and signed prisoner authorization. *Williams*, ECF 1: 22-CV-9699, 3. Plaintiff complied with the order and filed a prisoner authorization on December 6, 2022, *id.* at ECF No. 4, and by order dated December 16, 2022, the Court granted Plaintiff's request to proceed IFP in that case, *id.* at ECF No. 5. On January 4, 2023, Plaintiff filed a change of address, indicating that he is no longer detained at the Orange County Jail. *Id.* at ECF No. 6.

Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Social Security*, 96 F.3d 28, 30 (1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

If Plaintiff wishes to prosecute this action and proceed IFP, he must submit an IFP application, reflecting his current financial circumstances, within thirty days of the date of this order. Alternatively, Plaintiff may pay $402.00 in relevant fees, which includes the $350.00 filing fee and a $52.00 administrative fee that applies to litigants who are not proceeding IFP. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling the action.

---

[3] A plaintiff who was a prisoner at the time of filing the complaint is also required to have exhausted prison grievance remedies. 28 U.S.C. § 1997e(a).

Even if Plaintiff's release means that he "may litigate without further prepayment of fees" if he is granted IFP status, *McGann*, 96 F.3d at 30, his release does not change the fact that if he qualified as a prisoner at the time that he filed this action, dismissal of this action for failure to state a claim, or as frivolous or malicious, could qualify as a strike for purposes of Section 1915(g).

## CONCLUSION

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees that are required to file a civil action in this court or submit a completed and signed IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 23-CV-0764 (LTS). Plaintiff must also notify the court of all updates to his address of record.

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 1, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge