UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NAYO WILLIAMS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>ORANGE COUNTY JAIL; KEEFE COMMISSARY NETWORK/VENDOR,<br><br>                    Defendants. | 23-CV-0764 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who was detained in the Orange County Jail when he filed this complaint, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] In the original complaint, Plaintiff named Orange County District Attorney David M. Hoovler; Assistant District Attorney Michael Roche; City of Newburgh Police Officers Kevin Jodice and Esael Rivera; Legal Aid Society attorneys David Aikman and David A. Lindine; Gary Abramson; Orange County Jail; and "Keefe Commissary Network/Vendor" as Defendants.

By order dated January 26, 2023, the Court severed, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's claims against the Orange County Jail and Keefe Commissary Network/Vendor, arising from money allegedly being stolen from his inmate account, as improperly joined to the claims regarding the events surrounding his August 24, 2022, arrest. *See Williams v. Hoovler*, ECF 7:22-CV-9699, 7 (S.D.N.Y. Jan. 26, 2023). The Court directed the Clerk of Court to open the claims against the Orange County Jail and Keefe

---

[1] Plaintiff is no longer in custody.

Commissary Network/Vendor as a new civil action *id*., and this action was opened in response to the Court's January 26, 2023, order.

By order dated March 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## BACKGROUND

The following allegations are taken from Plaintiff's complaint. On or about September 2, 2022, while Plaintiff was at the Orange County Jail, approximately $100.00 was stolen from his inmate account by another inmate. He alleges that the money was used on a vending machine without his knowledge and was the result of correctional staff providing the same password to multiple inmates who arrived at the facility at the end of August. Plaintiff informed several correction officers, sergeants, and lieutenants, but was told there was nothing they could do. Plaintiff requested to file a grievance, but he was denied. Plaintiff has not received a refund, and he suggests that staff told him that he will be informed once the person is caught. (ECF No. 2 at 9.)

## DISCUSSION

A.  **Deprivation of Property**

Plaintiff's claim that $100.00 was stolen from his inmate account must be dismissed. A claim for deprivation of property is not recognized by law in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). New York provides such a remedy in Section 9 of the New York Court of Claims Act. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city prison officials); *Cook v. City of New York*, 607 F.

Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin or conversion); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91, 396 N.Y.S.2d 834, 835-36 (1977) (property wrongfully seized by officials during a search recoverable by replevin action or Article 78 proceeding); *Moreno v. New York*, 69 N.Y.2d 432, 515 N.Y.S.2d 733 (1987) (alternative state remedies to recover seized property discussed). Plaintiff has not alleged facts that would demonstrate that his state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990).

Because the New York state courts provide an adequate post-deprivation remedy, Plaintiff cannot state a claim that he has been deprived of property without due process of law. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). This claim is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   **Denial of Right to File a Grievance**

Plaintiff's claim that he was denied the right to file a grievance must also be dismissed. Courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases). "[I]nmate grievance programs created by state law are not required by the Constitution, and consequently[,] allegations that prison officials violated those procedures [do] not give rise to a cognizable § 1983 claim." *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-2011, 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) (internal quotation marks and citations omitted, second alteration in original). Thus, prisoners "do not have a due process right to a thorough investigation of grievances." *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that "correction officers' failure to properly address [the plaintiff's] grievances by conducting a thorough investigation to

his satisfaction does not create a cause of action for denial of due process because [the plaintiff] was not deprived of a protected liberty interest").

Because correction officials do not have a constitutional obligation to provide Plaintiff with grievance procedures or to perform a thorough investigation of his grievances, his claim that his request to file a grievance was denied is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge